IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------------
                                                    :
BERNARD MCDEARMON,                                  : CASE NO.  1:13 CV 02713
                                                    :
                                        Plaintiff,  : MEMORANDUM OF OPINION AND
                                                    : ORDER
            -vs-                                     :
                                                    :
                                                    :
CITY OF CLEVELAND, et al.                           :
                                                    :
                                    Defendants.      :
---------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

        This matter comes before the Court on a motion to dismiss for failure to state a

claim upon which relief can be granted, filed by the defendants City of Cleveland and

City of Cleveland Department of Public Safety. (Doc. 11). The plaintiff has responded in

opposition. (Doc. 12). The defendants have replied. (Doc. 13). For the reasons that

follow, the defendants' motion is granted.

        **I. Background**

        The following factual allegations, drawn from the plaintiff's complaint, are

accepted as true for the purpose of deciding the defendants' motion. Plaintiff Bernard

McDearmon is a resident of Brook Park, Ohio. Defendant City of Cleveland (hereinafter

"Cleveland") is a municipal corporation organized and existing under the laws and

Constitution of the State of Ohio. Defendant City of Cleveland Department of Public Safety (hereinafter "Public Safety") is a division, department or other entity of or within the City charged with and responsible for the operation of the Cleveland Police Department and the enforcement of the laws and ordinances of Cleveland and the State of Ohio.

On or about November 16, 2011, Mr. McDearmon was arrested. In connection with the arrest, unnamed city employees impounded the plaintiff's 1997 Buick Park Avenue and the personal property that was inside of it. Mr. McDearmon was jailed in Cuyahoga County jail until late December, 2011. Upon his release, the plaintiff discovered that his automobile and its contents had been sold, destroyed, or otherwise disposed of, by the defendants. According to the plaintiff, the defendants disposed of his vehicle and its contents without providing notice, without an opportunity to retrieve his property, and without reasonable compensation for the loss of his property.

The plaintiff thereafter filed suit in Cuyahoga Court of Common Pleas against Cleveland and Public Safety. The case was timely removed on 10 December 2013. After the defendants filed a motion to dismiss the complaint, the plaintiff filed for leave to file an amended complaint, which the Court granted. In his Amended Complaint, the plaintiff alleges violations of the federal and Ohio constitutions, as well as a state law negligence claim. (See Doc. 9).

The defendants now move to dismiss pursuant to Federal rule 12(b)(6).

2

## II. Standard

The plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion tests the sufficiency of the complaint. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

### III. Law and Argument

#### A. Claims against Public Safety

Defendant Public Safety argues that the plaintiff fails to state any plausible claim as to it, because it is not *sui juris* and, thus, unable to act on its its own behalf in either suing or being sued. The Court agrees. "Administrative units of a local government, such as a municipal police departments and fire departments, are not sui juris because they lack the power to sue, and cannot be sued absent positive statutory authority." Hicks v. City of Barberton, Case No. 5:11CV00076, 2011 WL 3022089, at *2 (N.D. Ohio July 22, 2011). The plaintiff does not object to dismissal of Public Safety. The defendants' motion will accordingly be granted with respect to all claims asserted against it.

3

## B. Federal Claims against Cleveland

For the purpose of Cleveland's motion, it is accepted as true that (1) Mr.

McDearmon's property and automobile were seized in conjunction with his arrest and

impounded; (2) Mr. McDearmon was incarcerated; (3) Mr. McDearmon's property was

disposed of while he was incarcerated; and (4) Mr. McDearmon did not receive notice.

Cleveland argues that, assuming these allegations amount to a cognizable

constitutional violation, no claim lies against it, because Mr. McDearmon has failed to

allege facts showing that Cleveland had a custom or policy that caused the injury.

It is well-settled that to prove a municipality is liable for the constitutional torts of

its employees, a plaintiff must prove that the municipality's policy or custom caused the

injury. Monell v. Dept. Of Soc. Sec. Servs., 436 U.S. 658, 690-91 (1978). Under

Monell, a plaintiff must identify "conduct properly attributable to the municipality" and

demonstrate

> that through its deliberate conduct, the municipality was the "moving force"
> behind the injury alleged. That is, a plaintiff must show that the municipal action
> was taken with the requisite degree of culpability and must demonstrate a direct
> causal link between the municipal action and the deprivation of federal rights.

Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 404 (1997).

In the present case, the parties highlight the following language from the

Amended Complaint as relevant to whether the Defendants were the "moving force"

behind the plaintiff's injury:

> Defendants instituted and adhered to a practice, policy and procedure whereby
> the impounded motor vehicle(s) owned by incarcerated individual(s) are
> destroyed or otherwise disposed of without actual or reasonable notice to the
> incarcerated vehicle owner(s) and notwithstanding the fact that Defendant had
> actual knowledge that the owner(s) of the subject vehicle(s) were, in fact, in
> custody as the result of an arrest by Defendants. The subject practice, policy and

4

procedure operates to enable Defendants to sell, destroy or otherwise dispose of an incarcerated individual's property without notice and provides that no notice be provided to the incarcerated individual at the place where Defendants know that individual to reside in circumvention of the requirements of due process and Ohio law.

(Doc. 9, ¶9).

Cleveland maintains that these allegations fall short of the Twombley/Iqbal pleading standard, because the complaint contains no factual allegations to show that a custom or policy of Cleveland caused the plaintiff's constitutional injury. The Court agrees. The plaintiff's factually unsupported allegation fails to demonstrate a nexus between a custom or policy on the part of Cleveland and the alleged deprivations of the plaintiff's constitutional rights. As correctly noted by Cleveland, the only factual allegations that support this claim are the facts relating to the plaintiff's own particular circumstance. A single instance of misconduct is insufficient to establish a custom or policy. See Scrap Yard, LLC v. City of Cleveland, No. 1:10 CV 2465, 2011 WL 3900571, at *4 (N.D. Ohio Sept. 6, 2011) aff'd, 513 F. App'x 500 (6th Cir. 2013). Therefore, Cleveland's motion will be granted with respect to the plaintiff's federal claims.

### C. The Plaintiff's Supplemental Claims

Having determined that dismissal of the claims over which the Court has original jurisdiction is appropriate, the Court may exercise its discretion to dismiss any remaining supplemental claims. See 28 U.S.C. § 1367(c). As stated by the United States Supreme Court, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."

United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Therefore, the plaintiff's state law claims will be dismissed.

### IV. Conclusion

For the reasons stated above, the defendant's motion to dismiss is granted.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: June 25 2015

6